UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

TIMOTHY J. WILLIAMS,         )
                             )
         Petitioner,         )
                             )
    v.                       )        1:16-cv-00378-JAW
                             )
RANDALL LIBERTY,[1]          )
Warden, Maine State Prison,  )
                             )
         Respondent          )

## RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION

In this action, Petitioner Timothy J. Williams seeks relief pursuant to 28 U.S.C. § 2254. (Petition, ECF No. 1.) In January 2012, following a four-day jury trial held in December 2011, Petitioner was convicted of aggravated assault and several other offenses. The court sentenced him to a total of ten years in prison, with all but eight years suspended.

Petitioner argues the state court erred when it denied a change of venue, and he objects to a fine or restitution. He also claims ineffective assistance of counsel regarding (1) advice as to whether Petitioner should exercise his right to a jury trial; (2) the failure to object to improper handling of blood alcohol tests; (3) the failure to offer evidence of Petitioner's character at trial; (4) the failure to obtain and offer an exculpatory dashboard video recording; and (5) the failure to prepare for sentencing.

---

[1] Although Petitioner named the Warden of the Maine State Prison as Respondent, the State of Maine represents that when it filed its response, Petitioner was incarcerated at the Charleston Correctional Facility. (Response, ECF No. 5 at 1 n.1.)

The State has requested dismissal on the following bases: (1) the petition is untimely under 28 U.S.C. § 2244(d); (2) Petitioner has failed to exhaust his state court remedies as to all but the claim of ineffective assistance of counsel at sentencing; and (3) Petitioner is not entitled to relief on the merits on the claim of ineffective assistance of counsel at sentencing. (Response, ECF No. 5).

After a review of the petition and the State's request for dismissal, I conclude that the petition was filed timely, but I recommend the Court grant the State's request, and dismiss the petition, because the exhausted claim of ineffective assistance of counsel at sentencing lacks merit, and because the unexhausted claims are procedurally defaulted and lack merit.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner was indicted in 2010 on thirteen counts: aggravated assault, 17-A M.R.S. § 208(1)(B) (Class B) (Counts 1, 2); reckless conduct, 17-A M.R.S. §§ 211(1), 1252(4) (Class C) (Counts 3-8); eluding an officer, 29-A M.R.S. § 2414(3) (Class C) (Count 9); operating under the influence, 29-A M.R.S. § 2411(1-A)(C)(3) (Class C) (Count 10); driving to endanger, 29-A M.R.S. §2413(1) (Class E) (Count 11); criminal speed, 29-A M.R.S. § 2074(3) (Class E) (Count 12); and operating after suspension, 29-A M.R.S. § 2412-A(1-A)(A)(1-4) (Class E) (Count 13). (*State v. Williams*, No. ALFSC-CR-2010-02476 (Me. Super. Ct., York Cty.), Indictment.) After several different attorneys were appointed to represent Petitioner, in August 2011, counsel who represented Petitioner through the trial and sentencing was appointed. (Docket Record.)

The four-day jury trial in December 2011 resulted in a guilty verdict on all counts. (*Id.*) The Court sentenced Petitioner in January 2012 to the following: a term of ten years, with all but eight years suspended, on Counts 1 and 2, with the terms to be served concurrently, followed by a term of three years of probation; terms of five years on each of Counts 3 through 10, and terms of six months on each of Counts 11 through 13, all to be served concurrently with the term on Count 1. (Judgment and Commitment; Docket Record.)

Trial and sentencing counsel was permitted to withdraw, and appellate counsel was appointed in February 2012. (Docket Record.) Petitioner's first appellate counsel moved to withdraw, and new appellate counsel was appointed in June 2012. (*State v. Williams*, No. YOR-2012-0071, Docket Record.) On August 8, 2012, the Sentence Review Panel of the Maine Law Court denied leave to appeal from the sentence. (*State v. Williams*, No. SRP-12-72, Order Denying Leave to Appeal From Sentence.) On February 11, 2013, the Law Court entered Petitioner's withdrawal of the appeal from the conviction. (*State v. Williams*, No. YOR-2012-0071, Dismissal of Appeal.)

On March 13, 2013, Petitioner filed a pro se petition for state court post-conviction review. (*Williams v. State*, No. ALFSC-CR-2013-00650, Docket Record.) Petitioner alleged that trial counsel advised him to proceed to trial because counsel had obtained an exculpatory video recording. (State Court Petition.) Petitioner alleged: "I would have accepted the plea offer but for [counsel's] erroneous assertion that such a video existed." (*Id.*) He alleged that counsel advised him that he would receive a more lenient sentence if he went to trial. (*Id.*) Petitioner also alleged that counsel failed to advocate effectively in

3

support of Petitioner's motion *in limine* to exclude the blood alcohol test results. (*Id.*) Finally, Petitioner alleged that counsel provided ineffective assistance at sentencing because counsel failed to offer any evidence to support mitigation. (*Id.*)

An evidentiary hearing was held on the petition for post-conviction review in December 2014. (Docket Record.) In January 2015, the court denied the petition. (*Id.*) The court found that there was no video recording of the type alleged by Petitioner: "After careful review of the evidence, the Court concludes that no such DVD ever existed." (Order at 1.) The court found that counsel did not tell Petitioner that he would be exonerated by a video recording. (*Id.* at 2.) The court found counsel to be a credible witness. (*Id.*) Furthermore, the court found:

> [Counsel] indicated that it would not have been his practice to indicate that any evidence provided in discovery would completely exonerate a person, and it certainly was not his practice to inform any of his criminal defense clients that they would receive more lenient treatment by going to trial as opposed to accepting responsibility for any conduct for which they were ultimately convicted by virtue of a plea as opposed to a trial.

(*Id.*) The court concluded that counsel did not provide ineffective assistance under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). (*Id.*) The court also concluded that Petitioner's other trial-related claims were without merit. (*Id.*)

Regarding counsel's performance at sentencing, the court noted Petitioner's allegation that counsel failed to present evidence that "indicated progress Mr. Williams had been making towards his education, as well as a significant impact he had been making with respect to his daughter's upbringing." (*Id.*) The court, however, determined that counsel did not provide ineffective assistance at sentencing:

4

> [Counsel] did do an involved oral argument and a sentencing memorandum that focused on the incident in question. A review of that memorandum and of the oral argument made by [counsel] indicates that [counsel] met the *Strickland* standard with respect to sentencing argument. Finally, while in an ideal world it would have been better to have had these additional details brought to the sentencing court's attention, this Court cannot conclude that based on the other factors that were utilized in analyzing the [*State v. Hewey*, 622 A.2d 1151 (Me. 1993)] sentencing analysis that ultimately even if this material had been brought to the sentencing judge's attention, that the underlying sentence would have been any different than what was received here.

(*Id.* at 2-3.)

Petitioner sought leave to appeal from the Superior Court's post-conviction decision. (*Williams v. State*, No. Yor-15-74, Docket Record.) In his memorandum in support of an appeal, Petitioner presented a single claim of ineffective assistance of sentencing counsel based on the failure to present mitigating factors. (Memorandum for Petitioner.) On August 19, 2015, the Law Court, concluding there was no error, denied leave to appeal. (Order Denying Certificate of Probable Cause.)

Petitioner states that he placed his section 2254 petition in the prison mailing system on July 19, 2016; the petition was entered on the court's docket on July 21, 2016. (Petition at 1, 15.)

## II. DISCUSSION

Pursuant to 28 U.S.C. § 2254(a), a person in custody pursuant to the judgment of a state court may apply to a federal district court for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

5

### A. Timeliness of the Section 2254 Petition

The State argues that the petition should be dismissed because it was not filed timely under 28 U.S.C. § 2244(d)(1)(A), (2).[2] (Response at 5-6.)

Petitioner's one-year limitation period for filing the section 2254 petition started when the judgment became final, pursuant to section 2244(d)(1)(A). A conviction is final when the "availability of direct appeal to the state courts and to [the United States Supreme Court] has been exhausted." *Jiminez v. Quarterman*, 555 U.S. 113, 119 (2009) (citations and quotation marks omitted). In Petitioner's case, the availability of direct appeal to the state courts and the Supreme Court ended on February 11, 2013, with Petitioner's voluntary dismissal of his state court appeal. *See Mata v. Stephens*, No. 3:15-CV 0199-D, 2015 WL 4557223, at *3, 2015 U.S. Dist. Lexis 97906 (N.D. Tex. July 28, 2015) (order), 2015 U.S. Dist. Lexis 98914, at *7-8 (N.D. Tex. June 1, 2015) (recommended decision) ("Where a habeas petitioner timely appeals his conviction but later dismisses the appeal, nearly every federal court to address the issue has held that the judgment becomes final for

---

[2] Title 28 U.S.C. § 2244(d) provides in pertinent part:

> **(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

limitations purposes on the date the appeal is dismissed.") (quotation marks omitted); *United States ex rel. Spencer v. Atchison*, No. 11 C 1689, 2011 WL 6338826, at *2, 2011 U.S. Dist. Lexis 145389, at *6 (N.D. Ill. Dec. 15, 2011) (noting that direct review ended when the state appellate court dismissed the direct appeal on the petitioner's own motion).

The limitation period is tolled while a post-conviction review or other collateral review is pending. 28 U.S.C. § 2244(d)(2). "[A]n application for state post-conviction relief is pending from the time it is first filed until the time it is finally disposed of and further appellate review is unavailable under the particular state's procedures." *Drew v. MacEachern*, 620 F.3d 16, 21 (1st Cir. 2010) (alterations and quotation marks omitted). The time during which an application is pending includes "the interval between a lower court's entry of judgment and the filing of an appeal with a higher state court." *Id.* at 20. The limitation period "restarts when [the] state court completes postconviction review." *Holland v. Florida*, 560 U.S. 631, 638 (2010).

The 365-day limitation period under 28 U.S.C. § 2244(d)(1)(A) thus started on February 11, 2013, when the appeal was dismissed, and it ran for 30 days before, pursuant to section 2244(d)(2), it was tolled on March 13, 2013, when Petitioner filed his state court post-conviction petition.[3] The limitation period remained tolled through August 19, 2015, when the Law Court issued its order denying a certificate of probable cause. The limitation period started to run again on August 20, 2015, and it expired 335 days later, on

---

[3] The availability of direct appeal from the Maine Law Court's denial of leave to appeal from the sentence ended earlier than the February 11, 2013, date on which Petitioner dismissed the appeal from the conviction, and therefore the end of the availability of direct appeal from the sentence is not relevant for purposes of 28 U.S.C. § 2244(d)(1)(A).

7

July 20, 2016. Because Petitioner placed his petition in the prison mailing system on July 19, 2016, the petition was filed timely.

### B. The Exhausted Claim of Ineffective Assistance of Counsel at Sentencing

Petitioner claims ineffective assistance of counsel at sentencing. (Petition at 10.) Because he included the claim in both the post-conviction petition and the memorandum in support of a certificate of probable cause, Petitioner exhausted the claim in state court.

On federal habeas claims that were adjudicated on the merits in state court, the federal court may not grant relief unless (1) the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," pursuant to 28 U.S.C. § 2254(d)(1); or (2) the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," pursuant to section 2254(d)(2).[4] "It is settled that a federal habeas court may overturn a state court's application of federal law only if it is so erroneous that 'there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents.'" *Nevada v.*

---

[4] Title 28 U.S.C. § 2254(d) addresses claims that were adjudicated on the merits in state court and states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim−
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Jackson,* --- U.S. ---, ---, 133 S.Ct. 1990, 1992 (2013) (quoting *Harrington v. Richter,* 562 U.S. 86, 102 (2011)). Claims of ineffective assistance of counsel are subject to a "'doubly deferential'" standard of review, in deference to both the state court and defense counsel. *Woods v. Etherton,* --- U.S. ---, ---, 136 S. Ct. 1149, 1151 (2016) (per curiam) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)).

In *Strickland*, the Supreme Court set forth the federal constitutional standard by which claims of ineffective assistance are evaluated; *Strickland* requires a petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 688, 694. A court need not "address both components of the inquiry if the defendant makes an insufficient showing on one . . . ." *Id.* at 697.

The Court presumes "that counsel has 'rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Companonio v. O'Brien*, 672 F.3d 101, 110 (1st Cir. 2012) (quoting *Strickland*, 466 U.S. at 690). State court determinations of fact "shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). A court considers "the totality of the evidence," and "a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *Strickland*, 466 U.S. at

695-96. "[T]he ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged." *Id.* at 696.

Counsel testified in the post-conviction hearing that the State had emphasized at sentencing that Petitioner had "prior incidents of essentially exactly the same conduct; driving OUI, getting involved in [a] high speed chase, causing a crash." (Post-conviction Tr. at 62.) Counsel testified that the sentencing effort was in part focused on obtaining concurrent, rather than consecutive, sentences. (*Id.* at 63.) Counsel testified that although counsel's practice was to ask a defendant about mitigating factors and to include the information in a sentencing argument, he did not have sufficient information from Petitioner to make an argument based on character, and because the state was "asking for a large amount of time for a variety of consecutive sentences," counsel's focus was much more on obtaining concurrent sentences. (*Id.* at 63-64.)

Counsel's decision to focus the sentencing argument on the effort to avoid consecutive sentences, and the state court's determination that Petitioner had not demonstrated either substandard performance by counsel or prejudice, are entitled to deference. *Woods*, 136 S. Ct. at 1151. Given the nature of the charges and Petitioner's prior criminal history, which included an extensive number of prior convictions, and given the state's attempt to secure consecutive sentences, the strategic decision to focus on the effort to secure non-consecutive sentences was not unreasonable. Petitioner thus has failed to demonstrate that the state court decision was contrary to or an unreasonable application of *Strickland*, or that it was an unreasonable determination of the facts in light of the

evidence presented in the state post-conviction proceeding. *See* 28 U.S.C. § 2254(d)(1), (2).

## C. The Unexhausted Claims

Petitioner includes in the section 2254 petition several unexhausted claims, including a claim that the state court erred when it denied a change of venue for the trial, several claims of ineffective assistance of trial counsel, and a claim regarding a fine imposed as part of the sentence.[5]

A court may not grant relief on a petition if the petitioner does not first exhaust available state court remedies, unless there was no corrective process available in the state courts, or circumstances rendered the state court process ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b).[6] "Before seeking a federal writ of habeas corpus,

---

[5] To the extent that the parties represent that the state court did in fact deny a change of venue, the Court accepts the representations. (Petition at 7; Response at 5.) As to Petitioner's claim that the court erred with respect to restitution, it does not appear that the court imposed restitution; it appears the court imposed fines or assessments including payments to a victims' compensation fund. (Judgment and Commitment; Docket Record.) In any event, claims regarding fines and restitution are not cognizable in a federal habeas action, because they relate to Petitioner's property interest (i.e., money), rather than to Petitioner's custody. *See* 28 U.S.C. § 2254(a); *Washington v. McQuiggin*, 529 F. App'x 766, 773 (6th Cir. 2013) (noting that claims regarding "fines or restitution orders fall outside the scope of the federal habeas statute because they do not satisfy the 'in custody' requirement of a cognizable habeas claim").

[6] Title 28 U.S.C. § 2254(b) and (c) address exhaustion requirements and state:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A)   the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i)   there is an absence of available State corrective process; or
>
> (ii)   circumstances exist that render such process ineffective to protect the rights of the applicant.

a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Baldwin v. Reese,* 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry,* 513 U.S. 364, 365 (1995) (per curiam)) (quotation marks omitted). In *Baldwin,* the Court noted that "[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* (quoting *Duncan,* 513 U.S. at 365-66).

The Supreme Court has held that a procedural default bars federal review absent a demonstration of cause for the default and prejudice to the petitioner:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).[7]

---

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

[7] Procedural default is a judicial doctrine "related to the statutory requirement that a habeas petitioner must exhaust any available state-court remedies before bringing a federal petition." *Lovins v. Parker,* 712 F.3d 283, 294 (6th Cir. 2013) (citing 28 U.S.C. § 2254(b), (c)). Although in Petitioner's case, the State has argued the issue of procedural default, the First Circuit has recognized that "federal courts have the authority

In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court recognized a "narrow exception" to its holding in *Coleman*, based on equity, not constitutional law: "Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 566 U.S. at 9, 16. The Supreme Court limited the holding in *Martinez*:

> The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts. It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial . . . .

*Id.* at 16 (citations omitted). *Martinez* was decided before Petitioner filed his state court post-conviction petition in 2013, and therefore it applies to his case.

The State argues that Petitioner's claim regarding change of venue is procedurally defaulted, because Petitioner voluntarily dismissed his appeal. (Response at 5.) Petitioner does not allege ineffective assistance of counsel with respect to the change of venue claim, nor does he allege any other cause for the procedural default. (Petition at 7.) Furthermore, Petitioner has not alleged facts that would support a finding that failure to consider the change of venue claim would result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750. The claim therefore fails.

Petitioner argues that counsel should have introduced evidence at trial of Petitioner's character, pursuant to Rule 608 of the Maine Rules of Evidence. (Petition at

---

to consider procedural default *sua sponte*." *Rosenthal v. O'Brien,* 713 F.3d 676, 683 (1st Cir. 2013) (citing *Brewer v. Marshall,* 119 F.3d 993, 999 (1st Cir. 1997)).

13

5.) The claim is procedurally defaulted because Petitioner did not include the claim in his state court post-conviction petition, and because Petitioner alleges no facts that would establish either cause for the default or prejudice to Petitioner. The claim also fails on the merits, because Rule 608 governs the potential use of character evidence for witnesses, and Petitioner did not testify at trial.

The remaining unexhausted claims of ineffective assistance of counsel relate to alleged substandard advice regarding Petitioner's jury trial rights, the failure to obtain and offer an exculpatory dashboard video recording, and the failure to advocate effectively for the exclusion of the blood alcohol test results. The issues were raised in Petitioner's state court petition, but they were not included in the memorandum in support of a certificate of probable cause. The claims, therefore, relate to post-conviction counsel's actions at the discretionary review stage of the proceedings, rather than at the initial review stage. Habeas review is not available for alleged attorney errors in petitions for discretionary review in a state appellate court. *See Martinez*, 566 U.S. at 16.

Even if the claims that were addressed in the post-conviction petition but not in the memorandum in support of discretionary review were reviewable, the claims would have failed on the merits. A presumption of correctness applies to the facts on which the state court's decision was based. 28 U.S.C. § 2254(e)(1).[8] A federal court's "deference" to the

---

[8] Title 28 U.S.C. § 2254(e)(1) states:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

statutory presumption of correctness "extends not only to express findings of fact, but to the implicit findings of the state court." *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006); *see also Campbell v. Vaughn*, 209 F.3d 280, 285-86 (3d Cir. 2000) ("In interpreting [28 U.S.C. § 2254(e)(1)], the Supreme Court has held that an implicit finding of fact is tantamount to an express one, such that deference is due to either determination.") (citing *Parke v. Raley*, 506 U.S. 20, 35 (1992); *Marshall v. Lonberger*, 459 U.S. 422, 432-33 (1983); *LaVallee v. Delle Rose*, 410 U.S. 690, 692 (1973) (per curiam)).

Petitioner has presented no facts or evidence to rebut the presumption that the court's factual findings regarding the unexhausted claims are correct. On the claim that counsel misadvised Petitioner as to the benefits and risks of going to trial, the court found that counsel did not as a matter of practice advise his clients that they would receive a more lenient sentence if they went to trial; the finding is supported in the record. (Order at 2; Post-conviction Tr. at 46.) The court's finding that counsel did not advise Petitioner he would receive a more lenient sentence if he went to trial was thus supported by the record.

On Petitioner's claim that counsel failed to obtain and offer an exculpatory video recording, the court found that no such video recording existed, and that counsel did not represent to Petitioner that there was such a recording. (Order at 1-2.) The findings are supported in the record. (Post-conviction Tr. at 40-42, 52-61, 69-70.)

Finally, regarding the claim that counsel failed to advocate effectively for the exclusion of the blood alcohol test results, counsel testified that a motion *in limine* to exclude the evidence was filed and a hearing was held. (Post-conviction Tr. at 43-44.) The

15

state court docket in fact reflects that on December 9, 2011, and December 12, 2011, the Court held hearings on motions *in limine*. It is reasonable to infer, from the court's conclusion that "[a]ll other trial related issues" were without merit, that the court implicitly credited counsel's testimony regarding the hearing on the *in limine* motion, and concluded that counsel's performance was not substandard. *See Garcia*, 454 F.3d at 444. Furthermore, Petitioner has asserted no facts that would suggest there was any basis upon which the court would have excluded the tests.

In sum, the unexhausted claims are procedurally defaulted; Petitioner has not demonstrated either cause for the default, or prejudice to him; the claims lack merit; and Petitioner has not demonstrated that review is necessary to correct a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750. Petitioner, therefore, is not entitled to relief on any of the unexhausted claims under 28 U.S.C. § 2254(b)(1), (2).

### III. CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases. I recommend the Court dismiss Petitioner's petition for habeas relief under 28 U.S.C. section 2254, and that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district

16

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 27th day of April, 2017.